UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>– against –<br><br>FRANCISCO PARRA,<br><br>Defendant. | **Statement of Reasons Pursuant to 18 U.S.C. § 3553(c)(2)**<br><br>18-CR-686 |

**Parties:**

For United States

**Appearances:**

Andrew Grubin
Assistant United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201-1820
718-254-6322

For Defendant

Emily R. Daniel, Esq.
69-40 Yellowstone Blvd, # 502
Forest Hills, NY 11375
917-745-1362

1

JACK B. WEINSTEIN, Senior United States District Judge:

**Table of Contents**

I. Introduction ........................................................................................................................... 2
II. Instant Offense ...................................................................................................................... 2
III. Guilty Plea ......................................................................................................................... 3
IV. Sentencing Hearing ............................................................................................................ 3
V. Offense Level, Criminal History Category, Guidelines Range .......................................... 4
   A. Offense Level .................................................................................................................. 4
   B. Criminal History Category .............................................................................................. 4
   C. Guidelines Range ............................................................................................................ 5
VI. Law ................................................................................................................................... 5
VII. 18 U.S.C. § 3553(a) Considerations ................................................................................. 5
VIII. Sentence .......................................................................................................................... 6
IX. Conclusion ........................................................................................................................ 7

I. **Introduction**

Francisco Roman Parra ("Parra" or "Defendant") is a permanent United States resident and a Mexican national. He pled guilty to an interstate narcotics-trafficking conspiracy involving the transportation of drugs into New York. A first-time offender with strong familial ties, "steady" is the word summarizing the life he led prior to his criminal conduct. He is sentenced to time-served—an incarceratory term of approximately four months—to be followed by five years' supervised release.

II. **Instant Offense**

In January 2018, agents with the Drug Enforcement Administration ("DEA") and the Office of the Special Narcotics Prosecutor for the City of New York ("SNP") were alerted to an extensive narcotics-trafficking conspiracy operating in New York City, New Jersey, Arizona, and elsewhere. PSR ¶ 4. A confidential informant ("CI") identified Parra as a participant in the scheme. PSR ¶ 5. At the repeated behest of a family member involved in the drug trade,

2

Defendant was enlisted to arrange for the delivery of a vehicle in New York containing narcotics. Defendant's Sentencing Memorandum ("Def. Sent. Mem.") at 3, ECF No. 58. A surveillance operation by DEA agents led to Defendant's arrest on January 20, 2018 during a traffic stop on the Northern State Parkway. He was driving a 2000 Jeep Grand Cherokee ("Jeep") bearing Arizona license plates. Ostensibly to ensure the successful delivery of the drugs, Defendant's wife, Sandra Bernice Cardenas-Silva ("Cardenas-Silva"), was trailing the Jeep in a separate car. She, too, was arrested. PSR ¶¶ 8-15.

Narcotics-detecting dogs were summoned. PSR ¶¶ 9-10. The vehicle was impounded. A search warrant was executed, leading to the seizure of approximately 5,605.75 grams of methamphetamines. PSR ¶¶ 11-14. Defendant and his wife were remanded to custody on the date of the arrest. *Id.* After nearly 13 months of incarceration—approximately ten of which was served in state custody—Parra posted bail. His wife was released on October 12, 2018; all charges against her were dismissed in January 2019. PSR ¶¶ 13-15.

### III.   Guilty Plea

On May 9, 2019, Parra pleaded guilty to a single-count Indictment. Charged was that he possessed with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841 (a)(1) and 841(b)(1)(A)(viii). PSR ¶ 1.

A guilty plea was accepted by the magistrate judge and again by this court.

### IV.   Sentencing Hearing

A sentencing hearing was conducted on December 19, 2019. Sentencing Hearing Transcript (Sent. Hr'g Tr.), Dec. 19, 2019. Accompanied by his wife, her support and affection for him apparent, Parra appeared somber, internalizing the weight of his criminal conduct. He did not address the court.

In support of a downward departure from the Guidelines imprisonment range of 41 to 51 months, Defendant's attorney painted a picture of a promising young man whose criminal conduct was a sharp departure from an otherwise commendable life: "I have been doing this for 25 years and I've never had a client who I thought was as intelligent and otherwise as exemplary with such enormous family support. He ... married ... young and he's taken on the responsibility of three children. His wife ... was also detained for nine or ten months, which really destroyed the family completely. He's extremely apologetic. I think it was out of character. He obviously has financial issues ... a family member implored him to do this." Sent. Hr'g Tr., 12:21-24, 13:1-5.

The proceedings were videotaped to secure an accurate record of body language and courtroom atmosphere. *See* 18 U.S.C. § 3553(a); *In re Sentencing*, 219 F.R.D. 262, 264 (E.D.N.Y. 2004) ("[An appellate court's] *de novo* review would be factually deficient without a video record of the district court's sentencing hearing").

## V. Offense Level, Criminal History Category, Guidelines Range

### A. Offense Level

The base offense level is 31. PSR ¶ 20. A three-level decrease was warranted for timely acceptance of responsibility. Government's Sentencing Memorandum ("Gov't. Sent. Mem.") at 2, ECF No. 58. Since Parra was safety-valve eligible, nullifying the otherwise applicable 10-year mandatory minimum, the offense level was reduced by two levels. *Id.* A minimal role adjustment also applied (four-level decrease), yielding a total offense level of 22. *Id.*

### B. Criminal History Category

Defendant has no prior criminal convictions. His criminal history score is zero and criminal history category I. PSR ¶ 32.

### C. Guidelines Range

The Guidelines imprisonment range is 41 to 51 months. Gov't. Sent. Mem. at 2, ECF No. 59.

## VI. Law

The United States Sentencing Guidelines ("Guidelines") are advisory. *United States v. Booker*, 543 U.S. 220, 245 (2005). The district court shall not, however, "presume that a Guidelines sentence is reasonable." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc). Rather, the district court "must . . . conduct its own independent review of the sentencing factors, aided by the arguments of the prosecution and defense." *Id.* If the support for doing so is compelling, the district court may impose a sentence outside the Guidelines range. *Id.* The sentencing court shall "state in open court the reasons for its imposition of the particular sentence" and, if the court has departed from the Guidelines, shall state why. 18 U.S.C. § 3553(c).

## VII. 18 U.S.C. § 3553(a) Considerations

The oldest of four children, Parra was born on August 9, 1990 in San Felipe, Baja California, Mexico to the consensual union of his parents. PSR ¶ 37. He was brought up in a stable household without substantial hardship. PSR ¶ 37. When he was 15, his parents separated for unknown reasons. PSR ¶ 39. The children lived with their mother after the separation. They maintained regular contact with their father who provided financial support and was active in their upbringing.

Parra moved out of his mother's home when he was 18. He is close to both parents. PSR ¶¶ 37-39.

In 2000 Defendant entered the United States illegally while still a minor; he became a permanent resident on July 30, 2015. PSR ¶ 40. He attended high school in Phoenix, Arizona

5

and earned a diploma in 2008, compiling a grade point average of 3.152 out of 4. PSR ¶ 51. Since graduating, he has held several jobs as a mechanic. PSR ¶¶ 55-62.

In 2011, Defendant became romantically involved with Cardenas-Silva. The couple wed a year later, a marriage Parra describes as "very good". PSR ¶¶ 41-42. Although they are raising three children together—his wife's 17-year-old son and 12-year-old daughter from a previous relationship, and her 15-year-old adopted nephew—they do not have any biological children in common. PSR ¶ 41. Parra was diagnosed with having inadequate sperm; the couple is undergoing fertility treatment. PSR ¶ 46. No mental, emotional, drug or alcohol dependency issues were reported by Defendant. PSR ¶¶ 48-51.

## VIII. Sentence

Parra is sentenced to time-served, approximately four months of federal incarceration. In fashioning a sentence, significant weight was given to Defendant's strong familial relationships and the progress he has made since his incarceration. *See* Nancy G. La Vigne et. al, *Broken Bonds: Understanding and Addressing the Needs of Children with Incarcerated Parents* 10–11, Urban Institute, Justice Policy Center (Feb. 2008) (noting that criminal offenders who establish positive familial relationships are less likely to recidivate).

Letters sent to the court on Defendant's behalf tell the story of a responsible man who made a mistake for which he is genuinely remorseful. Parra is held in high regard as a husband, son, brother, and father by those who know him. At 29, it is desirable that he continue to develop these relationships, particularly with his children, who have already endured the trauma of losing both parents to concurrent terms of incarceration. *See* Amy B. Cyphert, *Prisoners of Fate: The Challenges of Creating Change for Children*, 77 MD. L. REV. 385 (2018) ("Children of incarcerated parents, the invisible victims of mass incarceration, suffer tremendous physical,

psychological, educational, and financial burdens—detrimental consequences that can continue even long after a parent has been released.").

Despite the collateral consequences of his conviction, which may include deportation, his prospects for a productive life are promising because of his work ethic. Shortly after Defendant was released on federal bail, he began working full-time as a mechanic—a job he excels at. *See United States v. Stowe*, 375 F. Supp. 3d 276, 279–80 (E.D.N.Y. 2019) (discussing research indicating that job opportunities reduce an offender's likelihood of recidivating). Parra's desire to "always go [ ] the extra mile when taking care of clients," as his current employer put it, indicates a motivation that will serve him well on a path of rehabilitation. PSR ¶ 55. Additional incarceration would be of little deterrent value and would likely disrupt the progress made by Defendant. He will likely be deterred, as will others, by the lengthy term of incarceration (approximately 13 months in state and federal custody), and his desire to lead a law-abiding life to provide for his family.

A five-year term of supervised release is imposed. No fine or restitution is required since Defendant is unable to pay. Forfeiture of the Jeep on consent was ordered.

## IX. Conclusion

Respectful consideration was given to the Guidelines. The sentence is "sufficient, but not greater than necessary" to comply with the purposes of sentencing. 18 U.S.C. § 3553(a).

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: January 16, 2020
Brooklyn, New York